The AT, Justice, delivered the opinion of the court: This was an action instituted in the Cook circuit court by Bowen against F. T. Hayes, M. D. Ogden, J. N. Hayes, S. Hyde, and I. N. Arnold, as the makers of a promissory note. There was service of process on J. N. Hayes, Ogden, and Arnold only. They appeared and pleaded non assumpsit. Atrial was had before the court, and a judgment rendered against all of the defendants for the amount of the note and interest. On appeal to this court the judgment was reversed and the cause remanded, with directions to the circuit court to render judgment against the defendants who had been served, with process and who liad pleaded, with leave to the plaintiffs to take out a scire facias against the other defendants. That decision will be found reported in 2 Scam. 33. On the cause being remanded to the circuit court, J. N. Hayes filed several special pleas; Ogden and Arnold filed a plea of release, and F. T. Hayes, who had not been served with process, appeared , and filed several pleas to the action. On motion of the plaintiff, Bowen, the circuit court ordered their pleas to be stricken from the files, and rendered a judgment against J. N. Hayes, Ogden, and Arnold for the amount of the note and interest. To reverse that judgment an appeal is prosecuted. The assignment of errors questions the propriety of the decisions of the court in striking' the pleas from the files and in rendering the judgment. In the view we take of the case the circuit court decided correctly in disregarding the pleas. The cause was remanded, with specific instructions to the circuit court to proceed and render a particular judgment. The action as between Bowen and the defendants who had originally pleaded had been fully heard and adjudicated, and the only error committed by the [*302] , circuit court was in including in the judgment defendants who were not before the court. For this error only was the judgment reversed. The cause was remanded for the sole purpose of having the judgment properly entered against the defendants, who were bound by the adjudication. No venire facias de novo was ordered. The circuit court, on the remanding of the cause, had but a single duty to perform, that of ascertaining, by computation, the amount then due on the note, and the entering of a judgment that Bowen recover that amount of the three defendants who had originally pleaded. The directions of this court were mandatory to the circuit court, requiring it to do a specific act, which it was not at liberty to disobey or regard. In complying with the directions it committed no error, and its judgment is affirmed with costs. Judgment affirmed.